## HOBLITT v
## CONSERVATIVE LIFE INSURANCE CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1152. Decided Jan 18, 1933

Pickrel, Schaeffer, Harshman & Young, Dayton, for plaintiff in error.

Joseph W. Sharts, Dayton, for defendant in error.

ALLREAD, PJ.

It appears from the evidence that A. Alvin North at the time of the delivery of the policy was the local agent and entitled to the most, if not all of the cash payment; that he delivered the policy and the certificate he claims with the understanding that he was to be paid the cash amount when Hoblitt received some money which was to have been paid to Hoblitt within a short time. Mr. North tried to reach Hoblitt a number of times. He did see him at one time and Hoblitt claimed he had not yet

received his bonus money and could not make payment until he did receive it. The company claims that on March 27, 1930 they sent a communication to Mr. Hoblitt, the holder of said insurance for information as to whether Hoblitt had paid to the agent the amount of the premium and this communication was forwarded by registered mail. No reply of any kind was given to the company from this communication. Accordingly on May 29, 1930 the second letter was sent to Mr. Hoblitt cancelling the policy upon the ground that the first premium had not been paid. One claim of the plaintiff is that the policy became effective by its delivery by Mr. North in connection with the receipt for the cash payment by Mr. North. This claim is supported by the further argument in favor of plaintiff that there is no condition in the policy avoiding it if the cash payment is not paid. We are of opinion, however, that upon this proposition the Company had the right to cancel its policy for the non-payment of the cash payment at any time during the year. The claim is further made that the policy and receipt were voluntarily delivered by Mr. North as the agent of the company to the policy holder under an agreement between Mr. North and Mr. Hoblitt, the policy holder, to the effect Mr. North would treat Mr. Hoblitt as the assured and liable for the cash payment and that no one other than those were interested in that transaction, the policy having been submitted to North with that understanding. There are two questions raised in this respect, the first is whether the agreement was made between an authorized agent of the Company that he, Mr. North, was to have all or a substantial portion of the cash payment and Second, whether there was an absolute delivery of the policy by Mr. North or whether the delivery was qualified. This is a question of fact which the Court of Common Pleas had the right to solve and his judgment will not be reversed unless it is contrary to the manifest weight of the evidence. The trial court may have found, for aught it appears here, that North delivered the policy conditionally. We have read the entire record including the able briefs of counsel and the opinion of the trial court. We are of opinion that the judgment must be affirmed upon the opinion of the trial court. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.